**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RENIER ENRIQUE TORRES CASTRO,

Petitioner,

v. Case No. 3:26-cv-3035-TJC-SJH

U.S. ATTORNEY GENERAL, et al.,

Respondents.

---

# ORDER

On November 3, 2026, Petitioner Renier Enrique Torres Castro, a native of Cuba, initiated this action pro se by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Respondents filed a response. (Doc. 4).

On April 5, 2023, Petitioner arrived in the United States at Miami International Airport and was paroled into the country for a period of two years. (Id. at 3). Petitioner did not depart from the United States upon expiration of his parole. (Id.). On October 24, 2026, he was encountered during a traffic stop and taken into U.S. Immigration and Customs Enforcement (ICE) custody. (Id.). Petitioner is not subject to a final order of removal. (Doc. 1 at 5).

Petitioner argues, inter alia, that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was detained within the interior of the United States, not at the border. (Id. at 6). In support, Petitioner points to the

Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026), which held that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." As relief, Petitioner requests that the Court order Respondents to provide him with a bond hearing before an immigration judge, or alternatively, order his immediate release under reasonable conditions of supervision if Respondents fail to provide such a bond hearing within a reasonable period time. (Doc. 1 at 11).

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) as an arriving alien whose parole has terminated. (Doc. 4 at 1). Respondents contend that Hernandez Alvarez did not address arriving aliens released on parole, and Eleventh Circuit precedent "states that the status of arriving aliens after the expiration of parole issued pursuant to 8 U.S.C. § 1182(d)(5) reverts to the legal status they held at the time parole was issued, i.e., as if they remain at the border." (Id.) (citations omitted). However, Respondents acknowledge that the Court has previously ruled against this position. (Id.).

Although Hernandez Alvarez did not directly address the circumstance of a petitioner who is paroled into the United States and is detained years later, its reasoning also applies to this case. Petitioner was not seeking entry at the border when he was detained; therefore, he is not subject to § 1225. See 175

F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). The appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing before an immigration judge, consistent with the regulations implementing § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). If Respondents do not provide Petitioner with a meaningful bond hearing that complies with the requirements below, he must be released from custody.

Since the Court will grant the Petition based on Count One, it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[1]

Accordingly, it is hereby

**ORDERED**:

1. Renier Enrique Torres Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **November 25, 2026**,

---

[1] For example, the Court declines to address Petitioner's due process arguments.

Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA 2006). Furthermore, Petitioner must be given **48 hours advance notice** of the hearing.

3. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by providing him with access to a telephone.

4. No later than **November 30, 2026**, Respondents **shall FILE** a copy of the immigration judge's order following Petitioner's individualized bond hearing or inform the Court that he has been released from custody.

5. Respondent Warden, North Florida Detention Facility's Motion to Dismiss (Doc. 5) is **DENIED as moot**.

4. The Clerk shall **enter judgment** granting the Petition and **close** the file.

5. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of November, 2026.

Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Renier Enrique Torres Castro
A# 232423912
North Florida Detention Facility
20706 U.S. Highway 90 West
Sanderson, FL 32087-2359